IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JOHN E. SHAVERS                                        PLAINTIFF

VS.                      CIVIL ACTION NO. 1:00-cv-522(DCB)(JMR)

ANN B. SHAVERS, HERBERT
STELLY, and JAMES A. KOERBER                          DEFENDANTS

CONSOLIDATED WITH:

ANN SHAVERS                                            PLAINTIFF

VS.                       CIVIL ACTION NO. 1:01-cv-1(DCB)(JMR)

JOHN E. SHAVERS                                        DEFENDANT

CONSOLIDATED WITH:

ANN SHAVERS                                            PLAINTIFF

VS.                      CIVIL ACTION NO. 1:01-cv-160(WJG)(JMR)

JOHN E. SHAVERS                                        DEFENDANT


MEMORANDUM OPINION AND ORDER

These consolidated actions are before the Court to resolve the matter of sanctions. Civil action 1:00-cv-522 was dismissed by order entered August 14, 2001, reserving the issue of sanctions, costs and attorneys fees. Civil action 1:01-cv-1 and civil action 1:01-cv-160[1] were remanded to the

---

[1] Civil action 1:01-cv-160 was consolidated with the two previously filed actions after the order of remand was entered, for purposes of deciding the sanction issue. Inasmuch as an order of consolidation does not appear of record, the Court hereby consolidates this action with the others.

Chancery Court of Harrison County, Mississippi, on August 13, 2001, and August 15, 2001, respectively, by orders also reserving the issue of sanctions, costs and attorney's fees.

The following affidavits have been received by the Court: Affidavit of Earl L. Denham, attorney for defendant Ann Shavers and defendant Herbert Stelly in civil action 1:00-cv-522; Affidavit of D. Scott Gibson, attorney for Ann Shavers in civil action 1:01-1; Affidavit, Amended Affidavit, and Second Amended Affidavit of Michael V. Ratliff, attorney for defendant James A. Koerber in civil action 1:00-cv-522, civil action 1:01-cv-1, and civil action 1:01-cv-160; and Affidavit of defendant James A. Koerber.

The Court has also received the following memorandum briefs: on behalf of defendants Ann Shavers and Herbert Stelly in civil action 1:00-cv-522, by attorney Earl L. Denham; on behalf of Ann Shavers in civil action 1:01-cv-1, by attorney D. Scott Gibson; on behalf of defendant James A. Koerber in civil action 1:00-cv-522, civil action 1:01-cv-1, and civil action 1:01-cv-160, by attorney Michael V. Ratliff.

Hearings were held by the Court on November 1, 2004, and August 9, 2005. No response on the merits of the briefs and affidavits has been filed by either John E. Shavers or his attorney B. G. Perry. Based on the foregoing briefs and affidavits, as well as the records in these consolidated

2

actions, and being fully advised in the premises, the Court finds as follows:

On November 16, 2000, plaintiff John E. Shavers filed suit in federal court, civil action 1:00-cv-522, against his estranged wife, Ann Shavers, her attorney, Herbert Stelly, and a state court-appointed accountant, James A. Koerber. The suit stemmed from a divorce action in the Chancery Court of the First Judicial District of Harrison County, Mississippi. As part of the contentious divorce proceedings, the chancellor appointed Mr. Koerber, a Certified Public Accountant, to appraise the Shavers' business assets. After the appraisal, the chancellor assessed the accountant's fees to Mr. Shavers, who refused to pay the assessment. Consequently, the chancellor held Mr. Shavers in contempt of court for his refusal to pay the accountant. Immediately thereafter, Mr. Shavers filed an action in federal court under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

On January 2, 2001, Mr. Shavers filed a notice of removal of his divorce proceedings to federal court, civil action 1:01-cv-1. On April 12, 2001, while the first removal was pending, Mr. Shavers filed another notice of removal of the divorce proceedings to federal court, civil action 1:01-cv-

145.[2]  Six days later, on April 18, 2001, Mr. Shavers filed yet another notice of removal of his divorce action to federal court, civil action 1:01-cv-160.  Attorney B. G. Perry has represented Mr. Shavers throughout the federal litigation.

On December 7, 2000, the defendants filed their answers in civil action 1:00-cv-522, demonstrating that the complaint should be dismissed on its face as frivolous, and requesting Rule 11 sanctions.  The plaintiff proceeded to take discovery, and defendant Koerber moved for a protective order.  On January 18, 2001, Koerber filed a motion to dismiss the FDCPA action on grounds, inter alia, that "under the Act, Shavers is not a consumer, Koerber is not a creditor, Shavers did not incur a debt, and Koerber is not a debt collector.  In other words, the Act, which forms the basis of this civil action, does not apply to Koerber."  Koerber Motion to Dismiss, p. 2.  Koerber also sought Rule 11 sanctions in his motion.  Id.

On February 20, 2001, Mrs. Shavers and Mr. Stelly filed a motion for summary judgment which, like Koerber's motion to dismiss, showed that they were not debt collectors and that no consumer debt was alleged in the complaint.  Mrs. Shavers and Mr. Stelly also asked for "all costs and attorneys fees assessed against the Plaintiff for the filing of this

---

[2]  This action was voluntarily "dismissed" on August 2, 2001.  The "order of dismissal" in civil action 1:01-145 did not reserve the issue of sanctions, costs and attorneys fees.

frivolous action."   Shavers and Stelly Motion for Summary Judgment, p. 2.

Rather than dismissing the FDCPA action voluntarily upon receipt of the defendants' motions, the plaintiff continued to take discovery.  Moreover, the plaintiff responded to neither of the defendants' motions.  On February 5, 2001, Mr. Shavers filed a motion for additional time to respond.  The motion was granted, and the time for a response was extended to February 14, 2001.  Instead of a response, Mr. Shavers, on February 9, 2001, filed a motion to strike that portion of defendant Koerber's motion to dismiss dealing with an "immunity" defense, and to stay the entire action "until defendant, James A. Koerber complies with Local Rule 16.1(B)(4)."  Motion to Strike Rule 12(b)(6) Motion, p. 3.  On February 21, 2001, the Court denied Mr. Shavers' motion to stay inasmuch as the "immunity" defense was being withdrawn by Mr. Koerber.

Still, no response to either of the defendants' motions was filed by Mr. Shavers.  Meanwhile, the Shavers' divorce proceedings in state court had been removed to federal court by Mr. Shavers on January 2, 2001.  Upon removal, Mr. Shavers immediately filed a motion for a preliminary injunction of the state court proceedings and moved to have the removal consolidated with his FDCPA case.  Mrs. Shavers filed a motion to remand on February 1, 2001, showing that the court was

without subject matter jurisdiction, and requesting sanctions
for wrongful removal.

Instead of responding to the motion to remand, Mr.
Shavers sought to have Mrs. Shavers, her attorneys Mr. Stelly
and Mr. Gibson, Mr. Koerber, his attorney Mr. Ratliff, and the
Chancery Court Judge in the divorce proceedings held in
"contempt of court" by the federal court. Rule Nisi Contempt
of Court Vacation of State Court Judgments, filed March 19,
2001. The two cases were consolidated by the Court, and Mr.
Shavers continued to take discovery in both actions until
April 19, 2001, when all discovery was stayed pending the
motion to remand. In the meantime, Mr. Shavers had removed
his divorce proceedings twice more, on April 12, 2001, and
April 18, 2001.

Finally, on June 28, 2001, Mr. Shavers entered a
stipulation of dismissal as to Mrs. Shavers and Mr. Stelly.
On August 14, 2001, the Court dismissed the remaining
defendants in civil action 1:00-cv-522, reserving the issue of
sanctions. On August 13, 2001, and August 15, 2001, civil
actions 1:01-cv-1 and 1:01-cv-160 were remanded, reserving the
issue of sanctions.

Although defendants Koerber, Stelly and Mrs. Shavers
requested sanctions under Rule 11, they did not comply with
Rule 11's procedural "safe harbor" requirements. Rule 11

6

provides, in relevant part:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.

Fed.R.Civ.P. 11(c)(1)(A). "The plain language of the rule indicates that this notice and opportunity prior to filing is mandatory." Elliott v. Tilton, 64 F.3d 213, 216 (5th Cir. 1995). In Elliott, the Fifth Circuit held that when the moving party fails to comply with this "safe harbor" provision, a Rule 11 sanction cannot be upheld. Id. Nevertheless, a district court may sua sponte impose sanctions under Rule 11. This provision contains no "safe harbor" requirement, but it requires, prior to the imposition of sanctions, the court to "enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." Fed.R.Civ.P. 11(c)(1)(B); see also Elliott, 64 F.3d at 216.

This Court, on May 19, 2004, issued a Memorandum Opinion and Order allowing attorney B.G. Perry to show cause why sanctions should not be imposed against him for violations of 28 U.S.C. § 1927. Mem. Op. and Order, p. 3. It did not,

however, warn Mr. Perry or his client, Mr. Shavers, that the Court was contemplating Rule 11 sanctions against either or both of them. The present Memorandum Opinion and Order shall therefore serve that purpose, and shall describe, _inter alia_, the specific conduct the Court finds to be violative of subdivision (b) of Rule 11.

The moving parties and their attorneys urge the Court to impose sanctions pursuant to Fed.R.Civ.P. 11 against Mr. Shavers and his attorney, B. G. Perry, because the actions filed in this Court set forth claims which were unwarranted under existing law, unsupported by the evidence, and filed for an improper purpose. The movants further assert that they are entitled to recover their attorneys' fees under 28 U.S.C. § 1927, which states that "[a]ny attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The movants also invoke the Court's inherent power to sanction conduct that abuses the judicial process. For purposes of distinguishing the parties, the parties originally seeking sanctions shall be referred to as the "movants" or "moving parties" though the matter of sanctions is before the Court _sua sponte_.

I. Sanctions Pursuant to Fed.R.Civ.P. 11

The relevant portion of Rule 11(b) provides that by signing or filing a pleading, an attorney certifies to the best of his "knowledge, information and belief, formed after an inquiry reasonable under the circumstances," that

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
>
> (2) the claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support, or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ...

Fed.R.Civ.P. 11(b). The Rule further provides that the sanction "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," and "may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Fed.R.Civ.P. 11(c)(2). Monetary sanctions may not, however, be awarded against a represented party for a violation of Rule

11(b)(2).  Fed.R.Civ.P. 11(c)(2)(A).  Finally, the court must describe the conduct determined to constitute a violation of Rule 11 and explain the basis for the sanction imposed. Fed.R.Civ.P. 11(c)(3).

In assessing whether an attorney has met these obligations, courts in the Fifth Circuit apply the "snapshot" rule, measuring the attorney's conduct as of the time of the signing of the pleading.  Thomas v. Capital Sec. Servs., Inc., 836 F.2d 866, 874 (5th Cir. 1988)(en banc).  The issue is whether the attorney has complied with "an objective standard of reasonableness under the circumstances."  Smith v. Our Lady of the Lake Hosp., Inc., 960 F.2d 439, 444 (5th Cir. 1992).

The attorney need not provide an absolute guarantee of the correctness of the legal theory advanced in the papers he files.  Id.  "Rather, the attorney must certify that he has conducted reasonable inquiry into the relevant law."  Id. Then, regardless of whether the attorney's view of the law is erroneous, sanctions can be imposed only if his position can "fairly be said to be unreasonable from the point of view of both existing law and its possible extension, modification, or reversal."  Id. at 444-45; see also Smith Int'l, Inc. v. Texas Commerce Bank, 844 F.2d 1193, 1200 (5th Cir. 1988).

Although a party cannot be held liable for sanctions under subsection (b)(2) of Rule 11, he can be sanctioned for

10

violations of other subsections.  <u>Skidmore Energy, Inc. v.</u>
<u>KPMG</u>, 455 F.3d 564, 567 (5th Cir. 2006).

> If the duty imposed by the rule is violated, the
> court should have the discretion to impose
> sanctions on either the attorney, the party the
> signing attorney represents, or both, ... and the
> new rule so provides ....  Even though it is the
> attorney whose signature violates the rule, it may
> be appropriate under the circumstances of the case
> to impose a sanction on the client.

Fed.R.Civ.P. 11 advisory committee's notes to 1983 amendments.
<u>See</u> <u>also</u> <u>Jennings v. Joshua Indep. Sch. Dist.</u>, 948 F.2d 194,
197 (5th Cir. 1991)(approving sanctions against a client as
well as his attorney, because both have a duty "to conduct a
reasonable inquiry into the facts or law before filing the
lawsuit").  The court is required to make specific findings
that the party participated in sanctionable conduct.  <u>Skidmore</u>
<u>Energy</u>, 455 F.3d at 567.

The Court finds, for purposes of Rule 11(b)(1), that the
litigation filed in federal court by Mr. Shavers and his
attorney, B. G. Perry, was designed to harass Mrs. Shavers,
her attorney, and the court-appointed accountant in the state
court divorce proceedings.  The Court further finds that the
federal litigation was designed to cause unnecessary delay in
the divorce proceedings.  The cost of litigation to Mrs.
Shavers was needlessly increased.  The cost of litigation to
Mr. Stelly and Mr. Koerber was needlessly incurred, inasmuch
as Mr. Stelly was sued merely for having represented Mrs.

Shavers in the divorce proceeding, and Mr. Koerber was sued simply for having been appointed as accountant by the state court. Mr. Shavers has displayed a pattern of filing suit in federal court merely to challenge a state chancery court's decisions with which he disagrees.

Regarding Rule 11(b)(2) and the legal basis of the complaint and notices of removal filed by attorney Perry, the Court finds that no reasonable attorney would contend that the FDCPA creates a cause of action against the plaintiff's estranged wife, her attorney, and a court-appointed accountant as a result of the chancery court ordering the plaintiff to pay the cost of the accountant. Similarly, no reasonable attorney would contend that divorce proceedings in chancery court may be removed to federal court for the purpose of challenging a chancellor's contempt order for failure to pay a court-appointed accountant.

The inquiry for Rule 11(b)(3) purposes, whether the allegations in the complaint and notices of removal have, or are likely to have, evidentiary support, must also be answered in the negative. There is no evidentiary basis in the complaint to support an FDCPA claim. For instance, there are no facts alleged to support a finding that a "debt" was involved, or that a "consumer transaction" took place, nor are any facts alleged that would show that any of the defendants

were "debt collectors" under the Act.   In addition, Mr. Shavers and Mr. Perry failed to allege any facts in their notices of removal that would confer subject matter jurisdiction on this Court.

The Court finds that as early as December 7, 2000, Mr. Shavers and his attorney Mr. Perry were put on notice that their claims in civil action 1:00-cv-522 lacked both a legal and factual basis, and that sanctions under Rule 11 were being sought, yet they took no steps to withdraw any of Mr. Shavers' claims until June 28, 2001.   The law is clear that without sufficient allegations that a "debt collector" attempted to collect a "debt" arising out of a "consumer transaction," a complaint purporting to state a cause of action under the FDCPA must be dismissed on its face.   Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367 (11th Cir. 1998); Brown v. Child Support Advocates, 878 F.Supp. 1451 (D. Utah 1994); Battye v. Child Support Services, Inc., 873 F.Supp. 103 (N.D. Ill. 1994).

Mr. Shavers and Mr. Perry were also put on notice that removal of the state court divorce proceedings to federal court was without a legal or factual basis, as early as February 1, 2001.   The law is equally clear that in order for a state court action to be removable, it must be one that could have been filed originally in federal court; that a

claim may not be removed unless it is a separate and independent cause of action; and that the field of divorce law is outside federal jurisdiction.  See Nowell v. Nowell, 272 F.Supp. 298 (D. Conn. 1967).  It is also firmly established that no court of the United States – other than the United States Supreme Court – can entertain a proceeding to reverse, modify, or otherwise engage in appellate review of, a state court decision.  See Johnson v. DeGrandy, 512 U.S. 997, 1005–06 (1994).  The Court therefore finds that Rule 11 sanctions are warranted.

Once a court finds that a party and his attorney have violated Rule 11, the court has discretion to impose appropriate sanctions.  Fed.R.Civ.P. 11(c).  Although the district court has broad discretion, the sanction imposed should be the "least severe sanction" adequate to deter future violations of Rule 11.  See Merriman v. Security Ins. Co., 100 F.3d 1187, 1194 (5th Cir. 1996); Thomas v. Capital Sec. Services, 836 F.2d 866, 877–78 (5th Cir. 1988).

Sanctions may be monetary or nonmonetary and may include "striking the offending paper; issuing an admonition, reprimand, or censure; requiring participation in seminars or other educational programs; ordering a fine payable to the court; [and] referring the matter to disciplinary authorities ...."  Fed.R.Civ.P. 11 advisory committee's notes to 1993

amendments.

Rule 11 also expressly provides that a court may award the movant some or all of the reasonable attorney's fees and other expenses incurred as a direct result of the Rule 11 violation.  Fed.R.Civ.P. 11(c)(2); <u>see</u> <u>also</u> <u>Hicks v. Bexar Cty., Texas</u>, 973 F.Supp. 653, 689 (W.D. Tex. 1997)(holding that amount of Rule 11 sanctions must be limited to those expenses actually and directly caused by the filing of the pleading found to violate Rule 11)(citing <u>Jennings</u>, 948 F.2d at 199; <u>Bogney v. Jones</u>, 904 F.2d 272, 274 (5th Cir. 1990)).

In determining whether to impose sanction under Rule 11, the Court should consider

> [w]hether the improper conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect is had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; what amount is needed to deter similar activity by other litigants ....

Fed.R.Civ.P. 11 advisory committee's notes to 1993 amendments.

The purpose of Rule 11 sanctions is "to deter baseless filings and streamline the administration of justice." <u>Jordan v. Hall</u>, 275 F.Supp.2d 778, 790 (N.D. Tex. 2003)(citations omitted).  Rule 11 sanctions "should therefore be educational

15

and rehabilitative in character and, as such, tailored to the particular wrong." Id. at 790-91 (citations omitted).  The court should consider the following factors in ordering Rule 11 sanctions:

> (1) the specific conduct giving rise to its sanctions order;
>
> (2) the expenses or costs caused by the violation of the rule;
>
> (3) whether or not the costs or expenses were reasonable; as opposed to self-imposed, mitigable, or the result of delay in seeking court intervention;
>
> (4) whether or not the sanctions imposed are the least severe sanction adequate to achieve the purposes of Rule 11; and
>
> (5) whether the party seeking sanctions promptly notified the offending party and the court of the Rule 11 violation.

Id. at 791 (citing Topalian v. Ehrman, 3 F.3d 931, 936-37 (5th Cir. 1993))(additional citations omitted).

The Court finds that the improper conduct of Mr. Shavers, who is not an attorney, and Mr. Perry, who is trained in the law, was part of a pattern of harassment and delay, and that it infected the federal proceedings in their entirety.  This pattern of activity was repeated in the three actions before the Court, and in other litigation filed by Mr. Shavers and Mr. Perry in the United States District Court for the Southern District of Mississippi but not presently before the Court. The Court further finds that the improper conduct was

undertaken with the intent to injure Mrs. Shavers, Mr. Stelly, and Mr. Koerber by forcing them to incur additional costs, legal fees and expenses.  The Court therefore finds, after careful consideration, that an award of costs and attorneys' fees is the "least severe sanction" adequate to deter future violations of Rule 11.

## II. Sanctions Pursuant to 28 U.S.C. § 1927

The movants also seek sanctions pursuant to 28 U.S.C. § 1927.  For a court to award fees and costs pursuant to § 1927, the statute and relevant case law require to Court to examine whether counsel: "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct."  In re Prudential Ins. Co. America Sales Practice Litigation Agent Actions, 278 F.3d 175, 188 (3rd Cir. 2002)(quoting Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3rd Cir. 1989)).  Specifically, the Court must find that there was "behavior 'of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation.'" In re Orthopedic Bone Screw Products Liability, 193 F.3d 781, 795 (3rd Cir. 1985))(other internal citations omitted).  The court must therefore find "willful bad faith on the part of the offending attorney." Id.

Bad faith is found where "claims advanced were meritless,

that counsel knew or should have known this, and that the
motive for filing the suit was for an improper purpose such as
harassment." In re Prudential, 278 F.3d at 188 (quoting Smith
v. Detroit Fed'n of Teachers Local 231, Am. Fed. Of Teachers,
AFL-CIO, 829 F.2d 1370, 1375 (6th Cir. 1987).   The remedy
available under § 1927 should be used with caution.   In re
Orthopedic, 193 F.3d at 796 (holding that sanctioning powers
should be used sparingly in order to avoid chilling novel
legal or factual arguments from counsel).   It is also
important "that a district court resist the understandable
temptation to engage in post hoc reasoning by concluding that,
because a plaintiff did not prevail, his action must have been
unreasonable or without foundation.   This kind of hindsight
logic could discourage all but the most airtight claims ...."
434 U.S. 412, 421-22 (1978).

Additionally, § 1927 does not allow a district court to
award sanctions for all of the fees and costs incurred by a
movant in defense of the action, but only for those fees and
costs caused by unnecessary filings and tactics once a lawsuit
has begun.  Schutts v. Bentley Nevada Corp., 966 F.Supp. 1549,
1559 (D. Nev. 1997); Baulch v. Johns, 70 F.3d 813, 817 (5th
Cir. 1995)(underlying § 1927 sanctions is the recognition that
frivolous filings and arguments by attorneys "waste scarce
judicial resources and increase legal fees charged to

18

parties")(citations omitted); <u>LaSalle National Bank v. First Connecticut Holding Group</u>, 287 F.3d 279, 288 (3rd Cir. 2002)(§ 1927 sanctions are appropriate to "deter an attorney from <u>intentionally</u> and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay")(emphasis in original).  Recovery of § 1927 sanctions should therefore be limited to the period during which it is apparent that the offending party needlessly prolonged the litigation.  <u>LaSalle National Bank</u>, 287 F.3d at 288.  However, it has been stated that where "the entirety of the proceedings proves to be unwarranted and should never have been commenced or persisted in by the offender, and damages were properly mitigated," the offender may be required to bear the entire financial burden of the action.   <u>In re: Western Fidelity Marketing, Inc.</u>, 2001 WL 34664165 *22 (N.D. Tex. June 26, 2001)(citing <u>Browning v. Kramer</u>, 931 F.2d 340, 345 (5th Cir. 1991)).

       In determining the <u>amount</u> of the § 1927 sanction, the Court considers three factors:

       (1) whether the sanctionable conduct specifically found by the Court is sufficient to give rise to the sanction imposed;

       (2) whether there is a connection between the amount of monetary sanctions imposed and the sanctionable conduct by the violating party;

       (3) whether the costs or expenses claimed by the aggrieved party are "reasonable," as opposed to

self-imposed, mitigable, or the result of delay in
seeking court intervention; and

(4) whether the sanction is the least severe
sanction adequate to achieve the purpose of § 1927;

See Topalian, 3 F.3d at 936-37 (citations omitted)

The Court is mindful that § 1927 sanctions should only be
awarded following a voluntary dismissal in "exceptional
circumstances."  See Macheska v. Thomson Learning, 347
F.Supp.2d 169, 180 (M.D. Penn. 2004).  However, exceptional
circumstances exist in this case.  Not only were these actions
filed without an arguable basis in fact or in law, but they
were needlessly prolonged for at least five months when they
should have been voluntarily dismissed, resulting in costly
and time-consuming discovery.  For the reasons already stated
in its discussion of Rule 11 sanctions, the Court finds that
attorney B.G. Perry acted in bad faith for purposes of § 1927
when he advanced claims he knew or should have known to be
meritless, and that his motive for filing the suit, and for
failing to voluntarily dismiss it, was for an improper
purpose, namely the harassment of the defendants and delay of
the underlying action in state court.

It is not necessary for the Court to use hindsight to
reach the conclusion that this litigation was intentionally
vexatious from the beginning.  As the Court has previously
noted, attorney Perry's conduct was ill-considered from the

moment he filed the FDCPA complaint on behalf of Mr. Shavers. Although, for purposes of § 1927, the sanctionable conduct is ordinarily found to commence once the attorney is put on notice of the frivolous nature of the complaint, in this case the Court finds that the entire federal litigation, including the FDCPA suit and the two removals, was frivolous and vexatious from its inception.  The Court therefore finds that Mr. Perry is subject to sanctions under 28 U.S.C. § 1927.  As with the Rule 11 sanctions, the Court finds that an award of costs and attorneys' fees is the "least severe sanction" adequate to deter future violations of § 1927.

III. Sanctions Pursuant to Inherent Power to  Sanction

     The Court is vested with the inherent power to sanction parties and their attorneys for conduct that abuses the judicial process.  See Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991).  Federal courts may use their inherent power when the parties' conduct is not controlled by other mechanisms.  Natural Gas Pipeline Co. Of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1408 (5th Cir. 1993).  Federal courts may use their inherent power to sanction parties and their attorneys when they have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or when they have willfully disobeyed a court order.  Chambers, 501 U.S. at 45-46.  Bad faith "may be found not only in the actions that

21

led to the lawsuit, but also in the conduct of the litigation." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980).

The sanction imposed must be "the least severe sanction adequate to achieve the purpose of the rule under which it was imposed." Chambers, 501 U.S. at 44; Scaife v. Associated Air Ctr. Inc., 100 F.3d 406, 411 (5th Cir. 1996); Natural Gas Pipeline Co., 2 F.3d at 1406-07. "When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." Carroll v. The Jacques Admiralty Law Firm, P.C., 110 F.3d 290, 292 (5th Cir. 1997). In order to impose sanctions against a party under its inherent power, a court must make a specific finding that the party acted in bad faith. Toon v. Wackenhut Corr. Corp., 250 F.3d 950, 952 (5th Cir. 2001)(citing Goldin v. Bartholow, 166 F.3d 710, 722 (5th Cir. 1999)).

Since the Court has already made a determination that Rule 11 and § 1927 are sufficient to impose sanctions on Mr. Shavers and Mr. Perry, it would not seem necessary to invoke the Court's inherent power to sanction. See In re Silberkraus, 253 B.R. 890, 912 (Bankr. C.D. Cal. 2000)(inherent power available to sanction bad-faith litigation conduct that falls outside the scope of Rule 11 and

22

§ 1927).  However, a district court may include a finding invoking its inherent power, in the alternative, to whatever extent the sanctions may not be found supportable by Rule 11 or § 1927.  See Sassower v. Field, 973 F.2d 75, 80 (2nd Cir. 1992); Durant v. Traditional Investments, Ltd., 1992 WL 236196 (S.D. N.Y. 1992).

For the reasons set forth above in its discussion of Rule 11 and § 1927 sanctions, the Court finds that Mr. Shavers and Mr. Perry acted in bad faith in filing and in conducting the federal litigation.  The sanction ultimately awarded shall therefore be based, alternatively, on the Court's inherent authority, to whatever extent any portion of the award is not supportable by Rule 11 or § 1927.  As with Rule 11 and § 1927, the Court finds that the sanction contemplated under its inherent authority is the least severe sanction available to deter the abusive conduct of Mr. Shavers and his counsel, and that such sanction is an appropriate exercise of the Court's discretion.

IV. The Amount of Sanctions

The Court is also required to explain the amount of costs and attorneys' fees it awards as sanctions.  Procter & Gamble Company v. Amway Corporation, 280 F.3d 519, 530 (5th Cir. 2002).  As discussed above, Mr. Shavers is found to have violated Rule 11(b)(1) and (b)(2).  Mr. Perry is found to have

violated Rule 11(b)(1), (b)(2) and (b)(3) as well as 28 U.S.C. § 1927. Together, they shall be responsible for attorneys' fees and costs incurred by Mrs. Shavers, Mr. Stelly and Mr. Koerber in the consolidated actions. The total amount of sanctions will not be greater than the total amount of costs and attorneys' fees, but it may be less. The total amount of sanctions will also be apportioned between Mr. Shavers and Mr. Perry.

The Court begins by determining the total of the attorneys' fees. The Court conducts a lodestar analysis by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers. <u>Louisiana Power & Light Company v. Kellstrom</u>, 50 F.3d 319, 324 (5th Cir. 1995). The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case. <u>Brantley v. Surles</u>, 804 F.2d 321, 325 (5th Cir. 1986).

Attorney Earl L. Denham, who represented Mrs. Shavers and Mr. Stelly in civil action 1:00-cv-522, has submitted a bill for $10,610.00 in attorneys' fees and $220.01 in costs. This covers the period from December 5, 2000 to October 19, 2001. The Court shall limit the sanction in this case to attorneys fees and costs for the period from November 16, 2000, when the

FDCPA complaint was filed, to June 28, 2001, when Mr. Shavers entered a voluntary dismissal as to Mrs. Shavers and Mr. Stelly.  This will be substantially less than the total amount of damages Mr. Shavers and Mr. Perry have caused Mrs. Shavers and Mr. Stelly; however, the Court is mindful that it must confine itself to the least severe sanctions adequate to achieve the purpose of the rules under which they are imposed. See Topalian, 3 F.3d at 937.

Mr. Denham's bill reflects various hourly rates of between $75 and $150, which the Court finds to be reasonable. For purposes of sanctions, the Court finds that the number of hours should be reduced to those occurring between November 16, 2000, and June 28, 2001.  The costs should be confined to the same period.  In addition, in his revised affidavit reflecting the attorneys' fees and costs during that period, Mr. Denham should indicate the proportionate amount billed to Mrs. Shavers and the proportionate amount billed to Mr. Stelly.

Attorney D. Scott Gibson, attorney for Mrs. Shavers in civil action 1:01-1, has submitted a bill for $2,010.00 in attorneys' fees.  This covers the period from January 12, 2001 to August 2, 2001.  Sanctions in this case shall be limited to the period from January 2, 2001, when the notice of removal was filed, to August 13, 2001, when Mrs. Shavers' motion to

25

remand was granted.  Mr. Gibson's bill reflects an hourly rate of $100, which the Court finds to be reasonable.

Attorney Michael V. Ratliff, who represented James Koerber in civil action 1:00-cv-522, civil action 1:01-cv-1, and civil action 1:01-cv-160, has submitted six separate invoices for attorneys' fees and costs in the total amount of $21,312.30.  The Court finds, in the interest of sanctions adequate to achieve the purpose of the rules, that the hours and costs in civil action 1:00-cv-522 should be reduced to those occurring between November 16, 2000, and June 28, 2001.  The hours and costs in civil action 1:01-cv-1 should be reduced to those occurring between January 2, 2001 and August 13, 2001; and in civil action 1:01-cv-160 to those occurring between April 18, 2001, and August 15, 2001.  Mr. Ratliff's bill reflects an hourly rate of $150, which the Court finds to be reasonable.  Mr. Ratliff should also show, in his revised affidavit, the total hours and costs attributable to each of the three actions, within the time periods set by the Court.

The Court is also required to take into account the financial circumstances of Mr. Shavers and Mr. Perry.  See Fed.R.Civ.P. 11 advisory committee's notes to 1993 amendments ("partial reimbursement of fees may constitute a sufficient deterrent with respect to violations by persons having modest financial resources"); Sassower, 973 F.2d at 81; B & H

26

<u>Medical, L.L.C. v. ABP Administration, Inc.</u>, 2006 WL 123785
(E.D. Mich. Jan. 13, 2006)(citing <u>Runfola & Associates, Inc.
v. Spectrum Reporting II, Inc.</u>, 88 F.3d 368, 375 (6th Cir.
1996)).  Mr. Shavers and Mr. Perry may submit any relevant
information in this regard.  Any confidential information may
be submitted to the Court <u>in</u> <u>camera</u>.

This Memorandum Opinion and Order shall also serve as a
Show Cause Order directing Mr. Shavers and Mr. Perry to
respond to the findings herein regarding Rule 11 sanctions and
any other findings of the Court contained herein which they
may dispute.

The Court reserves decision on the specific amount of
monetary sanctions to be imposed, pending Mr. Denham's and Mr.
Ratliff's submissions of their relevant time and expense
records and other information requested by the Court; Mr.
Shavers' and Mr. Perry's submissions of financial condition
information and responses to the order to show cause; and any
other considerations deemed appropriate by the Court.
Accordingly,

IT IS HEREBY ORDERED that civil action 1:01-cv-160 is
consolidated with civil action 1:00-cv-522;

FURTHER ORDERED that Mr. Denham and Mr. Ratliff shall
provide, in the form of affidavits, the requested information
regarding attorneys' fees and costs to the Court within

27

fifteen (15) days of the date of entry of this Memorandum Opinion and Order;

FURTHER ORDERED that Mr. Shavers and Mr. Perry shall show cause, if any, why they should not be subject to sanctions as found by the court herein, within fifteen (15) days of the date of entry of this Memorandum Opinion and Order;

FURTHER ORDERED that Mr. Shavers and Mr. Perry shall submit any financial condition information to the Court within fifteen (15) days of the date of entry of this Memorandum Opinion and Order.

SO ORDERED, this the 29th day of January, 2007.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE